UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P0091-R

**STEVIE LYN ENGLAND**                                                                                                    **PETITIONER**

v.

**THOMAS L. SIMPSON, WARDEN**                                                                             **RESPONDENT**

**MEMORANDUM & ORDER**

The petitioner acting *pro se* filed a 28 U.S.C. § 2254 petition with this Court. The petitioner has also filed a motion to hold the petition in abeyance to allow him to exhaust certain claims in the state court (DN 4) and a motion for an injunction directing the prison officials to allow him access to the video transcript of his trial (DN 5).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held that a district court has the discretion to stay a mixed petition to allow the petitioner to exhaust the unexhausted claims in state court. However, a stay and abeyance is only appropriate where the district court determines there was good cause for the petitioner's failure to exhaust. *Id.* Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Id.* The petition currently before the Court does not appear to contain any unexhausted claims. However, the Court construes the petitioner's motion to hold in abeyance as a motion to amend his petition to add certain unexhausted claims related to the ineffective assistance of his trial counsel. The problem as the Court understands it, however, is that the petitioner claims that he cannot properly present those claims to either this Court or the state court for consideration because the prison officials will not allow him to access the video transcript of his trial, which is obviously necessary for him to be able to present any ineffective assistance of counsel claims.

Without reviewing the ineffective assistance of counsel claims, the Court cannot preform the analysis required by *Rhines*. Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Clerk is directed to effect service of the petition (DN 1), motion to hold petition in abeyance (DN 4), and motion for injunction (DN 5) on the respondent and the Attorney General for the Commonwealth of Kentucky. **Within 20 days from the entry of this order the respondent shall file a response to both the motion to hold in abeyance and motion for injunction. The respondent shall NOT be required to file an answer to the petition until further directed to do so by the Court.**

2. The petitioner may file a reply memorandum within **11 days** from service of the respondent's response.

Date:

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4413.008