UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P0091-R

**STEVIE LYN ENGLAND**                                                                         **PETITIONER**

**v.**

**THOMAS L. SIMPSON, WARDEN**                                            **RESPONDENT**

**OPINION AND ORDER**

      Petitioner, Stevie Lyn England, was convicted of first-degree murder and sentenced to life without parole by a jury in Graves Circuit Court on April 15, 2003. On or about, June 1, 2006, he filed this habeas action under 28 U.S.C. § 2254 challenging his conviction and sentence (DN 1).

      Presently before the Court are Petitioner's motion for preliminary injunction (DN 5), motion to withdraw motion for preliminary injunction (DN 12), motion to hold petition in abeyance (DN 4), and notice (DN 14), which all relate to certain ineffective assistance of trial counsel claims that Petitioner has not yet exhausted in the state courts.

**I.**

      After his direct appeal concluded, Petitioner wanted to file a post-conviction motion in state court asserting various claims premised on the ineffective assistance of his trial counsel. However, Petitioner claims that he could not meaningfully present those claims to the state court for consideration because the prison officials would not allow him to access the video transcript of his trial (the official state court record). Correctly fearing that the time to file a petition for relief under 28 U.S.C. § 2254 was about to expire, Petitioner filed a habeas petition in this Court along with a motion for injunctive relief seeking to have this Court order prison officials to allow

Petitioner to have access to his trial tapes and a motion to hold his petition in abeyance pending the exhaustion of his ineffective assistance of counsel claims in state court.  This Court directed Respondent to file a response to both motions.  Sometime thereafter, Petitioner filed a motion to withdraw the motion for injunctive relief, explaining that prison officials had turned over the trial tapes thereby mooting his motion.

A few months later, Petitioner filed a "notice" with the Court stating that after viewing the tapes, he prepared and submitted his RCr 11.42 motion to the Graves Circuit Court.  The "notice" also outlined Petitioner's ineffective assistance of counsel claims and further reiterated his desire to hold this action in abeyance pending the exhaustion of those claims in state court.  The Court construes the "notice" as a motion to amend Petitioner's habeas petition to add the ineffective assistance of counsel claims, which will be granted.  The Court will now address, Petitioner's request to stay this action pending exhaustion of the ineffective assistance of counsel claims.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."  *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Petitioner argues that his unexhausted claims were not presented in state court because he was unable to meaningfully present them without access to his trial tapes and that he persistently requested prison officials to allow him to watch the tapes.  Based on the facts alleged by

2

Petitioner, the Court finds that Petitioner has asserted good cause for failing to previously present those claims in state court.  In addition, the Court finds that those claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics.  *See Rhines*, 544 U.S. at 277-78.  Therefore, the Court will grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  *Id.* at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Since Petitioner has already notified the Court that he has filed his state court motion, the Court is satisfied that Petitioner has taken the crucial first step necessary to exhaust these claims.  Petitioner need only ask this Court to lift the stay within sixty days of exhausting his state court remedies.  *See id.*  "If [] the condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  *Id.* at 781 (internal quotation omitted).

## II.

Accordingly**, IT IS HEREBY ORDERED** as follows:

1)  Petitioner's motion to withdraw his motion for injunctive relief (DN 12) is **GRANTED**, and the **Clerk of Court is DIRECTED to TERMINATE Petitioner's motion for injunctive relief (DN 5)**.

2)  Petitioner's notice (DN 14), which the Court construes as a motion to amend Petitioner's petition to add the ineffective assistance of counsel claims outlined therein is

**GRANTED.**

  3) Petitioner's motion to hold in abeyance (DN 4) is **GRANTED** and this action shall be **STAYED** until further notice from the Court.

  4) Petitioner is **ORDERED** to file a motion asking the Court to lift the stay within sixty (60) days of exhausting his state court remedies.  Petitioner is warned that failure to do so, will result in dismissal of this action.

Date:

cc: Petitioner, *pro se*
   Counsel of Record

4413.008